UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRY RILEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14–437** |
| **LLOG EXPLORATION COMPANY LLC, ET AL.** | **SECTION "H"(1)** |

## ORDER AND REASONS

Before the Court is a Motion to Remand (Doc. 7). For the following reasons, the Motion is GRANTED, and this case is REMANDED to the 25th Judicial District Court for the Parish of Plaquemines.

## BACKGROUND[1]

Plaintiff, Terry Riley, filed this maritime negligence action in Louisiana state court. Plaintiff was a commercial fisherman operating a shrimp boat in the open waters of Plaquemines Parish. Riley was trawling for shrimp with his nets down when his net struck an unmarked underwater

---

[1] The following facts are drawn primarily from the petition in this matter

1

pipe, causing his vessel to change direction and stop suddenly. This unexpected stop caused Plaintiff to be thrown backwards, causing injury. The Defendants are the owners of the pipe and the lessor of the land on which the pipe was placed. Defendants removed the case to this Court invoking the Court's admiralty jurisdiction.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[2] The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper."[3] When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[4] Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand.[5]

## LAW AND ANALYSIS

The instant motion presents this Court with a disputed question regarding its jurisdiction

---

[2] 28 U.S.C. § 1441(a).
[3] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[4] *Id.*
[5] *Id.*

2

over admiralty cases removed from state court.⁶  Recent changes to the removal statute have resulted in an onslaught of admiralty cases being removed to federal court under the Court's general maritime jurisdiction.  Relying on the Federal Courts Jurisdiction and Venue Clarification Act of 2011, defendants have argued that the amended removal statute permits the removal of admiralty claims.⁷  Plaintiffs have generally opposed removal, arguing that removal of admiralty cases brought in state court offends the saving-to-suitors clause of 28 U.S.C. § 1333.⁸  No circuit court has yet addressed this question, and the district courts that have addressed the issue are sharply divided.⁹  After careful consideration, this Court finds that admiralty claims brought in state court remain nonremovable absent a basis of subject matter jurisdiction outside of admiralty.

---

⁶ The parties agree that Plaintiff's claims are governed by the general maritime law.  Defendants contend that the instant matter falls within the Court's general maritime jurisdiction pursuant to 28 U.S.C. § 1333.

⁷ *See generally Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772 (2013).

⁸ 28 U.S.C. § 1333 provides: "The district courts shall have original jurisdiction, exclusive of the courts of the States, of: Any civil case of admiralty or maritime jurisdiction, <u>saving to suitors in all cases all other remedies to which they are otherwise entitled</u>." (emphasis added).

⁹ *Compare Provost v. Offshore Serv. Vessels, LLC*, No. 14–89, 2014 WL 2515412 (M.D. La. June 4, 2014), *Garza v. Phillips 66 Co.*, No. 13–742, 2014 WL 1330547 (M.D. La. Apr. 1, 2014), *Harrold v. Liberty Ins. Underwriters, Inc.*, No. 13–762, 2014 WL 688984 (M.D. La. Feb. 20, 2014), *Carrigan v. M/V AMC AMBASSADOR*, No. 13–03208, 2014 WL 358353 (S.D. Tex. Jan. 31, 2014), *Bridges v. Phillips 66 Co.*, No. 13–477, 2013 WL 6092803 (M.D. La. Nov. 19, 2013), *Wells v. Abe's Boat Rentals Inc.*, No. 13–1112, 2013 WL 3110322 (S.D. Tex. June 18, 2013), *and Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772, 774–78 (2013) (holding that the recent amendments to § 1441 now permit the removal of admiralty claims), *with Gregoire v. Enter. Marine Servs., LLC*, No. 14–840, 2014 WL 3866589 (E.D. La. Aug. 6, 2014), *Cassidy v. Murray*, No. 14–1204, 2014 WL 3723877 (D. Md. July 24, 2014)*, Pierce v. Parker Towing Co., Inc.*, No. 14–73, 2014 WL 2569132 (S.D. Ala. June 9, 2014), *Coronel v. AK Victory*, No. 13–2304, 2014 WL 820270 (W.D. Wash. Feb. 28, 2014), *and Barry v. Shell Oil Co.*, No. 13–6133, 2014 WL 775662 (E.D. La. Feb. 25, 2014) (holding that admiralty claims remain nonremovable absent a basis of jurisdiction outside of admiralty notwithstanding the amendments to § 1441).

**I. The Arguments of the Parties**

Defendants concede that the Fifth Circuit has generally held that maritime claims are not removable absent a basis of jurisdiction outside of admiralty.[10] Defendants argue, however, that the rule against removal was grounded solely in the text of the removal statute, 28 U.S.C. § 1441, and that the recent amendments to the statute now permit the removal of admiralty claims.

Prior to the 2011 amendments, 28 U.S.C § 1441(b) provided:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Many courts relied on the pre-amendment language in holding that admiralty claims were not removable absent diversity jurisdiction.[11] These courts observed that the first sentence of pre-amendment section 1441(b) made the citizenship of the parties irrelevant only in cases where jurisdiction was premised on federal question.[12] It is axiomatic that maritime claims do not "arise under the Constitution, treaties or laws of the United States" and do not fall within the district court's federal question jurisdiction.[13] Therefore, under the plain meaning of the pre-amendment

---

[10] *See, e.g.*, *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 153 (5th Cir. 1996).

[11] *See, e.g.*, *In re Dutile*, 935 F.2d 61, 62–63 (5th Cir. 1991).

[12] *Id.*

[13] *Romero v. Int'l Terminal Operating Co.* 358 U.S. 354, 378 (1959).

version of section 1441(b), maritime claims were removable only if "none of the parties in interest properly joined and served as defendants" were citizens of the forum state.[14] Accordingly, courts uniformly held that maritime actions were removable only if there existed a basis for jurisdiction other than admiralty, i.e. diversity.[15]

As amended, 28 U.S.C. § 1441 provides:

> **(a) Generally.**--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> **(b) Removal based on diversity of citizenship.**--(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441, as amended, has limited the forum–defendant rule to diversity cases. As a result, Defendants contend that maritime claims are now removable into a federal district court's admiralty jurisdiction, without regard for the citizenship of the parties. Several district courts in

---

[14] This is often referred to colloquially as the "forum–defendant rule."

[15] *See, e.g.*, *Linton v. Great Lakes Dredge & Dock Co.*, 964 F.2d 1480, 1488 (5th Cir. 1992); *In re Dutile*, 935 F.2d 61, 62–63 (5th Cir. 1991); *Powell v. Offshore Nav., Inc.*, 644 F.2d 1063, 1068 (5th Cir. Unit A May 1981).

this circuit have agreed with Defendants' argument.[16]

Plaintiff argues that the savings clause of 28 U.S.C. § 1333 prohibits the Court from exercising admiralty jurisdiction over this case. Plaintiff concedes that district courts have original jurisdiction over admiralty cases and that the "savings-to-suitors" clause is not an independent bar to removal. Nonetheless, Plaintiff insists that the clause requires that his choice between proceeding at law or in admiralty be honored. Plaintiff further argues that his right to a jury trial will be lost if this case is permitted to proceed in federal court.

Defendants disagree and insist that the savings clause preserves common-law remedies, but not a common-law forum. Defendants further argue that the Court has the power to grant Plaintiff a jury trial, even if the case proceeds in admiralty.

**II. Analysis**

For the purposes of this Order, the Court assumes, without deciding, that Defendants' analysis of the amended removal statute is correct. The Court may thus proceed directly to Plaintiff's argument: that the "saving-to-suitors" clause of section 1333 is an Act of Congress that operates to prevent the removal of this matter.[17] The Court ultimately concludes that Plaintiff is correct. This conclusion is largely dictated by the manner in which federal courts have historically treated admiralty claims.

---

[16] *See, e.g.*, *Ryan,* 945 F. Supp. 2d at 774–78.

[17] *See* 28 U.S.C. § 1441(a) ("*Except as otherwise expressly provided by Act of Congress*, any civil action . . . may be removed") (emphasis added).

### A. Claims Brought in Admiralty versus at Law

For the first one hundred seventy seven years that the lower federal courts existed, the admiralty and law sides of the court were separate.[18] The separation between admiralty and law courts remains present today, but the distinctions have become less apparent since the dockets were merged in 1966.[19] The admiralty side of the federal courts are vested with exclusive original jurisdiction over admiralty claims pursuant to 28 U.S.C. § 1333, whereas the law side of federal courts are vested with jurisdiction pursuant to, *inter alia*, 28 U.S.C. § 1331 and 1332. Plaintiffs who file suit in federal court today asserting claims governed by the general maritime law are offered the choice between proceeding in admiralty or at law.[20] Claims brought at law must, however, have a jurisdictional basis outside of section 1333.[21]

In 1959 Francisco Romero, a Spanish seaman, filed suit on the law side of the Southern District of New York against several defendants.[22] As to one of the defendants, Mr. Romero asserted only claims arising under the general maritime law.[23] Mr. Romero alleged that the district court had jurisdiction over those claims pursuant to 28 U.S.C. § 1331.[24] After the district court and

---

[18] *See Chelentis v. Luckenbach S.S. Co.*, 247 U.S. 372, 379 (1918); *Admiralty Practice After Unification: Barnacles on the Procedural Hull*, 81 Yale L.J. 1154 (1972).
[19] *Coronel*, 2014 WL 820270, at *5–6.
[20] Fed. R. Civ. Pro. 9(h).
[21] *Romero*, 358 U.S. at 380.
[22] *Id*. at 355–56.
[23] *Id*. at 355.
[24] *Id*.

the court of appeals held that a district court sitting at law lacked jurisdiction over maritime claims, the Supreme Court granted certiorari to decide whether maritime claims could be brought at law in federal court.[25] After a thorough examination of the history of admiralty courts and the jurisdiction of the lower federal courts, the Supreme Court held that admiralty claims could not be brought on the law side of federal courts unless the claims also fell within a statutory grant of jurisdiction such as sections 1331 or 1332.[26] Accordingly, in order for an admiralty claim to proceed in federal court it must either: (1) have an independent basis for jurisdiction such that it may proceed on the law side of federal court; or (2) proceed on the admiralty side of federal court.

In light of the foregoing, three things are clear: (1) the instant case must proceed either at law or in admiralty, (2) the case may only proceed at law if there is a jurisdictional basis outside of section 1333, and (3) the only possible jurisdictional basis for this suit is section 1333.[27] In sum, this Court may only exercise jurisdiction over this matter if it may do so in admiralty.

**B. Suits Removed from State Court Cannot Proceed in Admiralty**

Defendants urge the Court to entertain this action in admiralty notwithstanding the savings clause of 28 U.S.C. § 1333. Defendants argue that the Court may permit Plaintiff to pursue his common-law remedies even on the admiralty side of this Court. Such a result would, according to

---

[25] *Id*.

[26] *Id*. at 380. The Court explicitly held that 28 U.S.C. § 1333 was not such a statutory grant.

[27] Defendants have offered no ground on which this Court may exercise jurisdiction outside of admiralty, nor can the Court find any.

Defendants, preserve the rights guaranteed to Plaintiff by the savings clause. Defendants specifically contend that this Court may preserve Plaintiff's right to a jury trial, even in admiralty. The Court is not persuaded.

A plaintiff who elects to proceed in admiralty generally has no right to a jury trial.[28] Nonetheless, Defendants argue that this Court has the power to grant Plaintiff a jury trial even if this case proceeds in admiralty. In support of this argument, Defendants cite *Fitzgerald v. U. S. Lines Company*[29] and *Luera v. M/V Alberta*.[30] Neither case supports Defendants' position.

In *Fitzgerald*, the Supreme Court held that a Plaintiff was entitled to a jury trial on several admiralty claims that were joined with a Jones Act claim.[31] Jones Act plaintiffs are entitled to a jury trial by statute.[32] The Court noted that there was no provision of law that *prohibited* a jury trial in admiralty cases.[33] Therefore, when Jones Act claims are joined with admiralty claims, the Court held that district courts should try all the claims to the jury in the interests of judicial efficiency.[34]

In *Luera*, the Fifth Circuit held that a plaintiff could have a jury trial when her *in rem* admiralty claim was joined with an *in personam* claim brought under the court's diversity

---

[28] *Becker v. Tidewater, Inc.*, 405 F.3d 257, 259 (5th Cir. 2005).
[29] 374 U.S. 16 (1963).
[30] 635 F.3d 181, 188 (5th Cir. 2011).
[31] *Id*. at 20.
[32] *See* 46 U.S.C. § 30104.
[33] *Fitzgerald*, 374 U.S. at 20.
[34] *Id*.

jurisdiction.[35] Like in *Fitzgerald*, the decision in *Luera* relied on the fact that the plaintiff had joined claims triable to a jury by right with admiralty claims.[36] Thus, the court concluded that the plaintiff could try all of her claims to the jury.[37] The Fifth Circuit explicitly noted, "To be clear, we do not hold today that a plaintiff bringing an *in rem* admiralty claim, <u>or any other claim brought under admiralty jurisdiction</u>, has a right to a jury trial. No statute, rule, or constitutional provision confers such a right."[38]

Notwithstanding the clear language of *Luera*, Defendants argue that this Court has the ability to grant Plaintiff a jury trial and thus preserve Plaintiff's common-law remedies even on the admiralty side of this Court. This argument has two flaws. First, it conflates the right to a jury trial with the lack of a rule prohibiting one. *Leura* clearly stated that there is no right to a jury trial in admiralty.[39] Therefore, there can be no question that a plaintiff necessarily loses his *right* to a jury trial when a case is removed into admiralty.[40]

Second, both *Luera* and *Fitzgerald* involved cases where admiralty claims were joined with claims triable to a jury by right. Defendants have cited no case where a federal court presented

---

[35] *Luera*, 635 F.3d at 195.

[36] *Id*.

[37] *Id*.

[38] *Id*. at 196 (emphasis added).

[39] *Id*.

[40] Defendants' argument that this Court has the ability to soften this blow by permitting a jury trial is of no moment. First, as explained *infra* Defendants' argument is misplaced. Additionally, even if the Court has the ability to hold a jury trial at its option, plaintiffs would be left with the mere *possibility* of a jury trial. A possibility and a right are not the same. Rather, the two concepts are antithetical.

only with claims arising under the general maritime law has granted the parties a jury trial. Indeed, to do so would require the Court to disregard hundreds of years of admiralty tradition, something this Court is not prepared to do.

Considering the foregoing, the Court is left with the firm conviction that the savings clause of section 1333 prohibits this case from proceeding in admiralty. To be sure, courts have long held that the "saving-to-suitors" clause is not an independent bar to removal.[41] The savings clause preserves a plaintiff's right to pursue common law remedies but not a right to a non-federal forum.[42] The clause does, however, require that a plaintiff's choice between proceeding at law or in admiralty be honored.[43] It is similarly well settled that, because federal courts possess exclusive admiralty jurisdiction, state court suits are necessarily brought at law.[44] Thus, when a plaintiff files suit in state court he has affirmatively elected to proceed at law and his suit may only be removed to the law side of federal court.[45] As explained *supra*, there is no ground on which this Court can exercise jurisdiction over this case at law. Accordingly, the only at-law forum available to the parties is state court and that is where this suit must be litigated.

---

[41] *Poirrier v. Nicklos Drilling Co.*, 648 F.2d 1063, 1066 (5th Cir. 1981).
[42] *Id*.
[43] *Id*.; *see also*, *Linton*, 964 F.2d at 1487–88.
[44] *Romero*, 358 U.S. at 362.
[45] *See Linton*, 964 F.2d at 1487 (detailing the differences between a suit at law versus in admiralty).

## CONCLUSION

For the foregoing reasons, the Motion to Remand is GRANTED.

New Orleans, Louisiana, this 28th day of August, 2014.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**